J-S40039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VAMSIDHAR VURIMINDI | : | |
| | : | |
| Appellant | : | No. 2272 EDA 2023 |

Appeal from the PCRA Order Entered September 11, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008022-2012

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM PER CURIAM.:                **FILED FEBRUARY 5, 2025**

Vamsidhar Vurimindi ("Vurimindi") appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

In February 2014, following a one-day non-jury trial, the trial court convicted Vurimindi of two counts of stalking his female neighbors, and one count of disorderly conduct.  On April 25, 2014, the trial court sentenced Vurimindi to an aggregate term of two and one-half to five years' imprisonment, followed by a consecutive five-year probationary term to be supervised by the mental health unit.  Vurimindi appealed the judgment of sentence; however, this Court dismissed the appeal due to his continuous and deliberate failure to comply with our appellate rules of procedure.  ***See***

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

*Commonwealth v. Vurimindi*, 200 A.3d 1031 (Pa. Super. 2018), *appeal denied*, 217 A.3d 793 (Pa. 2019).

Since his conviction, Vurimindi has commenced numerous lawsuits against, *inter alia*, his female victims, police officers, the district attorney, the trial court judge and other judges, his various defense counsel, and this Court. *See* PCRA Court Order, 9/11/23, at n.1. In relation to his conviction, Vurimindi has filed countless legal documents over the past ten years, resulting in significant delays and eight separate appeals to this Court.[2]

In addressing Vurimindi's most recent appeal, this Court explained the following procedural history which is relevant to the instant appeal:

_____

[2] *See Vurimindi*, 200 A.3d 1031, *appeal denied*, 217 A.3d 793 (dismissing Vurimindi's *pro se* direct appeal); *Commonwealth v. Vurimindi*, 227 A.3d 393, 2234 EDA 2018 (Pa. Super. 2020) (unpublished memorandum) (dismissing Vurimindi's *pro se* appeal from the condition of probation requiring him to stay away from his female victims); *Commonwealth v. Vurimindi*, 227 A.3d 394, 3102 EDA 2018 (Pa. Super. 2020) (unpublished memorandum) (affirming order denying Vurimindi's request to travel while on probation to New York City and Washington, D.C., where his female victims had relocated); *Commonwealth v. Vurimindi*, 299 A.3d 904, 1548 EDA 2021 (Pa. Super. 2023) (unpublished memorandum) (dismissing appeal from order denying Vurimindi's *pro se* request to travel while on probation); *Commonwealth v. Vurimindi*, 299 A.3d 904, 1886 EDA 2021 (Pa. Super. 2023) (unpublished memorandum) (affirming order denying Vurimindi's motion to proceed *pro se*); *Commonwealth v. Vurimindi*, 299 A.3d 906, 2232 EDA 2021 (Pa. Super. 2023) (unpublished memorandum) (dismissing Vurimindi's appeal from the order staying PCRA proceedings as duplicative of his existing appeal from that order); *Commonwealth v. Vurimindi*, 299 A.3d 906, 726 EDA 2022 (Pa. Super. 2023) (unpublished memorandum) (quashing Vurimindi's *pro se* motion for removal of counsel); *Commonwealth v. Vurimindi*, 299 A.3d 906, 888 EDA 2022 (Pa. Super. 2023) (unpublished memorandum) (quashing Vurimindi's appeal from the order denying his second *pro se* motion to remove counsel).

On [September 10], 2019, [Vurimindi] commenced collateral review with the filing of a *pro se* [PCRA] petition . . .. The court appointed counsel, who filed amended petitions on June 11, 2020 and March 10, 2021. [Vurimindi], however, filed a motion to proceed *pro se* on July 12, 2021. On September 20, 2021, the court conducted a hearing to determine whether [Vurimindi] would proceed *pro se*, pursuant to **Commonwealth v. Grazier**, . . . 713 A.2d 81 ([Pa.] 1998). At the conclusion of the hearing, the court denied [Vurimindi's] motion. [Vurimindi] filed a notice of appeal from the order denying his motion, which this Court docketed at 1886 EDA 2021.

On September 28, 2021, the PCRA court entered an order that stayed the proceedings related to [Vurimindi's] PCRA petition pending the resolution of the appeal at 1886 EDA 2021. Despite the stay, [Vurimindi] filed a *pro se* motion for removal of counsel on November 20, 2021. In it, [Vurimindi] reiterated his "dissatisfaction and lack of faith" in PCRA counsel. . . . The court conducted a hearing on the matter on December 21, 2021. At the conclusion of the hearing, the court denied [Vurimindi's] motion. That same day, [Vurimindi] filed another notice of appeal. This Court docketed the new appeal at 726 EDA 2022.

Even with multiple appeals pending in this Court, [Vurimindi] continued to deluge the PCRA court with *pro se* correspondence. . . . [Vurimindi] filed [a] second *pro se* motion to remove counsel on January 24, 2022. On March 21, 2022, the court denied [Vurimindi's] motion. [Vurimindi then] filed [a] *pro se* notice of appeal [from that order] on March 22, 2022.

*Vurimindi*, 299 A.3d 906, 888 EDA 2022 (unpublished memorandum at **2-3).

As the above passage indicates, although Vurimindi filed his *pro se* PCRA petition in 2019,[3] the PCRA court was unable to address it due to the numerous

---

[3] Under the PCRA, a petition for relief must be filed within one year of the date on which the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the
*(Footnote Continued Next Page)*

motions that Vurimindi filed in the lower court, and the appeals he filed in this

Court. Eventually, following the resolution of Vurimindi's most recent appeals,

the PCRA court entered an amended order dismissing the petition on

_____

Pennsylvania Supreme Court and the Supreme Court of the United States. **See** 42 Pa.C.S.A. § 9545(b)(3). Here, although Vurimindi filed a direct appeal from his judgment of sentence, this Court dismissed the appeal due to his continuous and deliberate failure to comply with the rules of appellate procedure, and our Supreme Court denied allowance of appeal from the dismissal order. **See Vurimindi**, 200 A.3d 1031, *appeal denied*, 217 A.3d 793. Vurimindi thereafter sought review by the United States Supreme Court, which denied *certiorari* on February 24, 2020. **See Vurimindi v. Pennsylvania**, 140 S. Ct. 1147 (2020). Accordingly, Vurimindi had one year from that date, until February 24, 2021, to file a timely PCRA petition.

Technically, Vurimindi's initial *pro se* petition, filed on September 10, 2019, was a legal nullity because it was prematurely filed during the pendency of his direct appeal. **See Commonwealth v. Smith**, 244 A.3d 502, 506 (Pa. Super. 2020) (explaining that a PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights, and a premature petition is a legal nullity). Accordingly, the PCRA court should have dismissed the petition without prejudice to refile it after Vurimindi's judgment of sentence became final. **See id**. at 507. However, because the PCRA court appointed PCRA counsel, who filed an "amended" petition on June 11, 2020, within one year of the date Vurimindi's judgment of sentence became final, we treat this timely petition as Vurimindi's original PCRA petition. **See Commonwealth v. Kubis**, 808 A.2d 196, 198, 201 & n.4 (Pa. Super. 2002) (holding that although premature petition was not cognizable under PCRA, the subsequently filed counseled amended petition filed after the judgment of sentence became final constituted a timely first petition); **see also Commonwealth v. Shower**, 301 A.3d 885 (Pa. Super. 2023) (unpublished memorandum at *4) (same); **Commonwealth v. Myers**, 319 A.3d 25 (Pa. Super. 2024) (unpublished memorandum at **4-5) (finding *pro se* PCRA petition to be prematurely filed, but deeming the amended petition filed by counsel after the judgment of sentence became final a timely first petition); Pa.R.A.P. 126(b) (stating that non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value).

- 4 -

September 11, 2023.[4] Therein, the PCRA court explained that because Vurimindi was no longer serving his sentence, he was ineligible for PCRA relief, requiring the dismissal of his petition. **See** PCRA Court Order, 9/11/23, at n.1 (explaining that Vurimindi began serving the five-year probationary term of his sentence on August 30, 2018, and completed serving the probationary term of his sentence on August 30, 2023). Vurimindi filed a timely *pro se* notice of appeal.[5] The PCRA court did not direct Vurimindi to file a concise statement pursuant to Pa.R.A.P. 1925, and he did not do so. The PCRA court filed a letter in lieu of a Rule 1925(a) opinion, referencing the explanation provided in its dismissal order.

---

[4] The PCRA court initially entered an order on September 5, 2023, dismissing the petition as moot; however, in its September 11, 2023 amended order, the court vacated the September 5, 2023 order.

[5] Generally, a party represented by counsel may not engage in hybrid representation by filing *pro se* documents. **See Commonwealth v. Jette**, 23 A.3d 1032, 1035 (Pa. 2011). However, an exception to this rule is a notice of appeal, for which a party has a right to appeal pursuant to Article 5, § 9 of the Pennsylvania Constitution. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (citing **Commonwealth v. Ellis**, 626 A.2d 1137, 1138 (Pa. 1993)). Thus, although he was represented by counsel at the time, Vurimindi was permitted to file a *pro se* notice of appeal. **See id**.; **see also** 210 Pa. Code § 65.24 (providing that a *pro se* notice of appeal shall be docketed, even if the party is represented by counsel).

Additionally, while Vurimindi's *pro se* notice of appeal was from the PCRA court's September 5, 2023 order, which was later vacated, it became timely for purposes of this appeal upon the entry of the September 11, 2023 order. **See** Pa.R.A.P. 905(a)(5) (stating "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

Vurimindi raises the following issue for our review: "Whether the PCRA statute is unconstitutional as applied to [Vurimindi], because it invalidates the jurisdiction of the PCRA [c]ourt to decide the claim that the underlying conviction violates the constitutional prohibition against double jeopardy." Vurimindi's Brief at 7.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In order to be eligible for relief under the PCRA, a petitioner must initially plead and prove by a preponderance of the evidence that he has been convicted of a crime under the laws of this Commonwealth "and is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for the crime." **See** 42 Pa.C.S.A. § 9543(a)(1)(i). The plain language of the statute requires denial of relief for a petitioner who has finished serving his sentence. **See Commonwealth v. Ahlborn**, 699 A.2d

- 6 -

718, 720 (Pa. 1997). Thus, a petitioner who has completed his sentence is no longer eligible for post-conviction relief. *See Commonwealth v. Soto*, 983 A.2d 212, 213 (Pa. Super. 2009). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. *See Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) (holding that, "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition"); *see also Commonwealth v. Plunkett*, 151 A.3d 1108, 1112-13 (Pa. Super. 2016) (affirming the PCRA court's order denying relief where petitioner's sentence expired while his appeal from the PCRA denial was pending before this Court).

In the collateral review context, the United States Supreme Court has held that "states have no constitutional obligation to provide a means for collaterally attacking convictions." *Commonwealth v. Haag*, 809 A.2d 271, 283 (Pa. 2002) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). However, if states do so, "then such procedures must comport with the fundamental fairness mandated by the Due Process Clause." *Id*. at 301. In accordance with this ruling, the United States Supreme Court explained that states need not provide post-conviction petitioners with "the full panoply of procedural protections that the Constitution requires be given to defendants who are in a fundamentally different position-at trial and on first appeal as of right." *Finley*, 481 U.S. at 552.

Regarding the constitutionality of section 9543(a)(1)(i), the Pennsylvania Supreme Court held that "due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence." *Commonwealth v. Turner*, 80 A.3d 754, 765-66 (Pa. 2013) (explaining that, when a petitioner's liberty is no longer burdened by a state sentence, he has no constitutional due process right to collateral review of that sentence). Furthermore, our High Court ruled that the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review. *See id*. at 767; *see also Commonwealth v. Murray*, 753 A.2d 201 (Pa. 2000) (holding that the constitutional nature of the violations alleged in a PCRA petition has no effect on the application of the PCRA jurisdictional time bar); *Commonwealth v. Peterkin*, 722 A.2d 638, 643 n.5 (Pa. 1998) (rejecting an attack on the PCRA's time restrictions on due process grounds despite the constitutional nature of the claim).

Vurimindi acknowledges that he has completed his sentence. He further acknowledges that our Supreme Court in *Turner* upheld the constitutionality of the custodial requirement set forth in section 9543(a)(1)(i). Nevertheless, Vurimindi summarily maintains that the custodial requirement of section 9543(a)(1)(i) conflicts with the double jeopardy clause of the United States Constitution, and that it is thus preempted through the federal supremacy clause. In short, Vurimindi claims that the custodial requirement of section

9543(a)(1)(i) is unconstitutional as applied to him because it prevents him from obtaining relief for the double jeopardy claim raised in his PCRA petition.[6]

_____

[6] In Vurimindi's direct appeal, he attempted to raise an argument regarding double jeopardy. Although this Court dismissed the appeal without conducting a merits analysis, we nevertheless noted that double jeopardy concerns were not implicated, explaining:

> In September 2010, one of Vurimindi's neighbors **filed a private criminal complaint** against him, charging him with harassment and stalking. The neighbor lived on the same floor as Vurimindi in . . . a condominium building in Philadelphia. The case was referred to the Philadelphia Municipal Court's arbitration program . . .. Following arbitration of the case, the municipal court judge issued two stay-away orders against Vurimindi. **After Vurimindi continued to ignore the stay-away orders**, the police arrested him on February 4, 2012, **on new disorderly conduct charges** involving the same victim. On June 13, 2012, the Commonwealth amended the charges, and the case was assigned a Common Pleas number, CP 51-CR-0008022-2012. The new charges included one count of disorderly conduct and two charges of stalking, one for the same victim as the earlier case, and another stalking charge for a second victim, another female neighbor who also lived on his floor.

> * * * *

> [At trial in this matter, t]he first victim testified about all of Vurimindi's actions, the original incidents starting in 2010 and the later incident resulting in the new charges in February 2012. [**See**] N.T.[,] 2/7/14[,] at 41. The date of the offenses for which he was convicted is listed on the trial disposition form as February 4, 2012. Thus, contrary to Vurimindi's suggestion, the trial in this matter was not held and he was not convicted on the same actions complained of in municipal court, but rather on **new charges resulting from his actions after the arbitration**. As such, there was no . . . double jeopardy violation regarding the earlier 2010 charges.

*(Footnote Continued Next Page)*

After careful review, we discern no error by the PCRA court in determining that Vurimindi was ineligible for PCRA relief. Our Supreme Court's ruling in **Turner** is controlling, and dictates that because Vurimindi is no longer burdened by a state sentence, he has no constitutional due process right to collateral review of that sentence. **See Turner**, 80 A.3d at 765-66. The fact that Vurimindi raised a collateral claim in his petition implicating a constitutional right does not compel a different result. **See id**. at 767 (holding that the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review). Accordingly, because Vurimindi is ineligible for PCRA relief, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/05/2025

---

**Vurimindi**, 200 A.3d at 1033-34, n.3 (emphasis added). Notwithstanding this Court's clear statement that "there was no . . . double jeopardy violation," we note with regret and disapproval that Vurimindi, through counsel, continues to pursue this plainly frivolous issue. **See Commonwealth v. Chmiel**, 30 A.3d 1111, 1190 (Pa. 2011) (expressing regret and disfavor that appellant's counsel raised several issues that were "plainly frivolous and/or are based on excerpted portions of the relevant record, where the full record immediately reveals a far different perspective").